arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Uriel CANTU–CANTU, Defendant–Appellant.**

**No. 06–50650**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Uriel Cantu–Cantu raises arguments

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

---

that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alvaro NORIEGA–PUENTE, also known as Arturo Sanchez–Garcia, also known as Avaro Noriega, also known as Chito Salas, also known as Jose Noriega, also known as Mario Arriaga, Defendant–Appellant.**

**No. 06–50633**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

---

published and is not precedent except under

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Alvaro Noriega–Puente raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Benito BARRERA–PATINO,**
**Defendant–Appellant.**

No. 06–50620
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Benito Barrera–Patino raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.